Please call the next case. Case number 16, 3259. Jonathan Jones v. Hamilton County Sheriff. Arguments not to exceed 15 minutes per side. Mr. Newman for the appellant. May I please the court, Ms. Sears? Let me wait for Ms. Sears here. I'll take your time. There are three fundamental principles that should be consulted in construing this Ohio When a prisoner serves the time of his sentence, he is entitled to his liberty. This is the principle that underlies all of the over-detention cases that we've cited in the brief. If a sentence gives jail credit that exceeds the period of the sentence, the sentence has been served. The sentence is expired. Jail credits count in the present. They're not like sky miles that count at some time in the future or are usable in the future. They count in the present. The second principle is that only a judge has the power and the authority to determine the content of a sentence. Once a sentence is imposed by a judge, it cannot be added to by prison authorities or even the judge himself. That is in Ohio, the Holdcroft case in the Supreme Court in 2013 that really held on jurisdictional grounds that there was no power to add on to a sentence after the sentence had been imposed. I would suggest that underlying this jurisdictional concept are due process considerations, which we cited in the briefs below. Those due process considerations begin with Hill v. U.S. ex rel. Wappler, 298 United States Supreme Court. Of course, the third... But you didn't bring an injunction or declaratory judgment action attacking the due process validity, invalidity of this whole system. You brought a money damages action, and that means you have to come to grips with the 11th Amendment sovereign immunity issues that the district court identified and ruled against you on. Everything you've said up to now could be the premise of a DEC action or injunction proceeding saying, this system just doesn't work, but that's just not the path you took. Your client wants money, and so to get the money, you've got to overcome these bars. Well, I think we're saying that the way this statute should be properly construed is that where the statute says that where there's a sentence of imprisonment in the state prison system, that does not apply to a sentence that has been served, so that the sheriff is not obligated under that statute to convey somebody to the state penal institution. Doesn't the sheriff, by the terms of the statute, have this obligation after a sentence has been issued to send the individual to the prison, Department of Corrections, to compute... Only with respect to one who has been given a term of imprisonment in a state correctional institution and where the sentence has already been served because of the addition of the jail credit to the sentence, there is no possibility that one can be sent to prison. You don't have a prison sentence. Your sentence has been served locally in the Hamilton County Jail. So the statute does not apply to cases where folks don't get a sentence of imprisonment in the state prison system. What about the fact the first couple days, there's no judgment? I mean, it's unfortunate that this happened and it's a good reason for trial judges to move a little more quickly, but there was nothing that cuts either way until that judgment was entered, right? I mean, it's the judgment that you speak through, not oral statements. That is correct. Under state law, the judgment is not effective until there's a judgment entry. But even after the judgment entry, the sentence had been served at that point. And his over-detention or illegal imprisonment was in the amount of, I think, three days instead of potentially five days had the entry gone on the day that the oral ruling. Did your client say, where's the judgment? I need to get going here because I think I'm not going to owe any time. Yes, that happened in court. And it's in the record. You have the transcript. The lawyer brought up the pre-trial jail credit and said he should be getting out today because his credit exceeds his sentence. And the judge said, oh, yes, I think he should be getting out today or it might be tomorrow morning. And then the lawyer also contacted somebody in the sheriff's office. Unfortunately, we don't have the name of who he contacted. That day or the next day? No, it was that day. I guess my question was really about the day after the sentencing hearing. Did the lawyer call and say, hey, where's the judgment? We need the judgment in order to calculate and get the Department of Corrections to make a judgment. I don't think the record reflects exactly that. No, the lawyer didn't call and ask to speed up with the judgment entry. The judgment entry did go on, I believe, the next day or a couple of days, whatever. Right. But the sheriff was certainly on notice when he received the judgment that you know, all you have to do is look at it was a year and a half credit of 560 days. And you add that up and bingo, it's a sentence that has been served by more than. Of course, if he pled guilty earlier, he would have saved himself even more time in jail. Has that thought occurred to anybody? If he had pled guilty earlier? Yeah. In other words, that's a pretty sensible thing to think about. You know what the likely sentence is. And if you plead earlier and you know how the credit system works. Your Honor. He would have saved himself 20 days. Your Honor, you're trying to rob us of our civil rights claim by theorizing that we should have done something earlier. Well, of course, that could have happened. Yes. What did the defendant do wrong? Did he violate state statutory law or did he violate? Yes. So he violated state statutory law. Correct. And that gives a right to payment by the state of... I mean, because you're asking for money. You're not asking for him to be punished or him to pay you. You're asking for money from the state or from the county. No. No, county. We're suing the sheriff. He was not acting... There's a doctrine that when he's acting pursuant to state law, the state sovereign immunity hooks in, right? Except... There is that doctrine, right? Yes, supposedly. There is that doctrine. I'm wondering whether your suit is a challenge to his action pursuant to state law, saying he misunderstood state law, or whether you're saying he misunderstood state law and therefore he wasn't acting pursuant to state law. The latter. Most non-lawyers, if they could even understand that jargon, would think it was the same thing. But it's not exactly the same thing, is it? I mean, the whole idea of state sovereign immunity is that when a state official is accused of violating federal law and especially state law, you can't bring a money damages suit. So if you take every time that you say, well, I'm going to sue so-and-so for violating state law or violating federal law, I want to sue and I want to get money from the FISC, to say, well, my defendant violated state law so therefore they don't get the immunity, will always allow that immunity to be lifted. I mean, there won't be any situations when there's not the immunity, because the merits becomes the immunity issue. Do you see what I'm asking? I don't see why the immunity issue hasn't, in this case, become the merits issue. Well, first of all, let me just back up a little bit. The sheriff of Hamilton County was not a state actor here, as obviously we argue, because he was misinterpreting this state statute that he claims required him to transport somebody to the state prison system, no matter... To me, that statement implies that every time you challenge a sheriff who sometimes is a state actor and sometimes is not for violating state law by doing something that he thought he was doing pursuant to state law, he's not acting as a state actor. Well, I mean... So then the limit is just gone, because you're not going to sue him and say, you are acting pursuant to... What you've done is right. I mean, nobody sues and says, you were right. They got to come in and say, you were wrong. And as soon as they say, you were wrong, you say, well, yeah, okay, you were wrong. There's no immunity, because the fact that you were wrong means that you weren't acting on behalf of the state. It's sort of a circle, isn't it? Well, yeah, Your Honor, I'm trying to break the circle here. But I mean, you know, when a local governmental official acts, and as we say, not pursuant to state law, but under color of law, because of his office, well, under color of law, because of his office, he's not acting pursuant to... He's not required to do this by state statute. Let's try this just a little differently. Let's just say we disagree with your reading of state law. Just for the sake of argument, we read state law to require him to do what he did. Does that mean you lose in the sense that he's covered by sovereign immunity? Yes. Okay. So the case is really about your interpretation of state law, and you've got to show us that he misinterpreted it. Yes. But what I'm questioning is whether that isn't the merits issue. And if that kind of question is always the merits issue, then you're just... No, no, no, because what would happen is if he misinterpreted it, he couldn't get the benefit of 11th Amendment immunity, but you'd still have to pierce qualified immunity. He could still be sued, and you'd have a question of whether he violated federal law, and if so, whether it was clearly established. So that's what the second inquiry would be, I think. So you still have that problem, and you've got quite a few hurdles. You've got sovereign immunity if he read the statute correctly, but if he didn't, he's got to show a federal due process violation, not a violation of state law, and that federal due process violation must be clearly established. That's the second inquiry, I think. Well, first of all, the sheriff, I think we briefed this clearly, adopted a policy of sending all people who were sentenced to the state prison system. So it's a policy. I don't think we get to qualified immunity, because he was acting pursuant to his own policy on this, okay? Well, it's not a qualified immunity case because he's not sued in his individual capacity. We have not sued him in his individual capacity. We've sued him. Right. So all of that is... Right. Well, then it's a custom case. So either way, there's a second level inquiry, and the second level inquiry is an unaccustomed or qualified immunity, one or the other, and the custom has to violate due process. Yes, and I would suggest that it's a due process issue to detain somebody after they have served their sentence, and that is the... Why not? Why isn't the answer as simple as this? Forget state law. People are all the time claiming that they're being asked to serve prison time they shouldn't serve. You need to centralize within the state one place that decides, yes, you owe more time or you don't owe more time, and that's how Ohio has done it. It doesn't sound like a due process violation to me. It sounds sensible. Your Honor, I respectfully disagree. I think all the over-detention cases say that if you're held over the time of your sentence by one day, according to the terms of the sentence, that that's a due process violation. Thank you, counsel. Good morning, Your Honors. May it please the Court, Pamela Sears for the Hamilton County Sheriff in his official capacity only. Obviously, the arguments are set forth in my brief, but what I would like to say, some of the flaws that have bothered me about this case almost since its inception, and some of which have occurred to me as recently as a couple days ago when I was reading and rereading some things to come to talk to you. One is the misconception and the mistake, if you will, in Mr. Newman's argument that Mr. Jones's sentence was, quote, served, close quote. It's clear in Ohio that there is a construct that is not ambivalent and not confusing as opposed to the Tennessee construct, which the Court dealt with in the Shorts case. In Ohio, when you are sentenced to serve a term of imprisonment at the Ohio Department of Corrections, the sheriff has certain statutory duties, the judge has certain statutory duties, and ODRC has certain statutory duties, and the Adult Parole Authority has certain statutory duties. All of these, with perhaps the exception of the judge obviously, are creatures of statute, so they are... Isn't it a strange system though that when the sentence is being issued, I mean, let's just put it to the side, it was strange the judge didn't issue the judgment right away, which obviously should have happened here, but it seems very strange under Ohio law as I'm understanding it, that the defense counsel can't say to the judge, okay, we got it, that's why we pled guilty, we pled guilty because we knew the sentence would mean it would be less than what was owed and we'd be out of jail right away. And the judge then, instead of saying, yeah, I hear you, you really shouldn't have to go to jail, but I need to still send you 100 miles away and let this other set of state bureaucrats do the computation. I mean, it just seems really strange to me. I mean, why wouldn't we trust a judge, not the defendant, trust the judge to figure out whether time's still owed? Does it really? Because that comes back to your point, I think, before. This process in Ohio is... Questions are not answers. No, no, no, I understand, Judge. I tend to view this more as a conversation with you. So when I'm saying this, what I'm saying is, your comment to Mr. Newman was, this is not, and I read it as, and my feeling is, it's not an arbitrary and capricious system. It's rather an orderly system, which deals with thousands of people monthly through this process. And so in order to not be arbitrary and capricious, there are steps that occur. So... It's all a computer system. I mean, all that's happening is you're going to this other state agency, which is going to look at the same computer system you would think the state judge has access to. No. Well, no, well, then why not give him access? You don't trust the judges to get this right? Oh, I'm supposed to answer that question, whether I trust judges. I'm just teasing, of course. We have bureaus of computation, as you well know, and as you know, occur also in the federal system. And as a matter of fact, I cited a case in my brief where the Supreme Court specifically said, you know, it's district courts do not have the authority under federal law to apply a credit. It's not their job to apply the credit. It's not their job to give the credit, even when they think the credit is due and the person would be released right away. Rather, it's the Attorney General of the United States that has that statutory duty under federal law. And so I would submit to you that Ohio's system is reflective of the very system that you operate under. So the idea that the judge would be releasing people in terms of determining whether or not they have federal detainers, whether they have a detainer from Iowa, whether they have... What if the plea agreement worked this way? Yes. The defense counsel, which it turns out here, was almost in malpractice. I mean, he should have done this 20, 30 days earlier because the client would have gotten released even earlier. So the savvy defense counsel goes to the court, the prosecutor and client and says, listen, I'm pretty confident if we plead guilty now, time served, we'll get him out of jail right away. Right. But we only want to do that if he gets out of jail right away. Right. And you're telling me the prosecutor and the state court judge can't make sure that happens? They're still going to say, no, we still got to go the 100 miles and so forth. Yes. I'm telling you that if he's sentenced to prison time as opposed to local time, if he wanted to sentence him to six months local time in the county jail under the Ohio statute, it would be the jailer that would have, in this case, the sheriff, that would have the statutory obligation to apply the credit. The savvy defense lawyer should have done is asked for that kind of sentence and that would have fixed the problem. I think a savvy defense lawyer should have known what the law is when he enters a plea and he should have told his client what the actual law was when he enters plea, particularly a savvy lawyer that worked as an appellate counsel in the Hamilton County prosecutor's office. That's my own opinion. So what's sort of in the record, but maybe not apparent, is the prior plea bargain was five years. Mr. Jones wasn't interested in doing five years. So what happened over a year and a half was what I view as a purposeful obfuscation of the process until he wore everybody down to get credit for time served. Now he did get credit for time served and I give his last lawyer credit for getting him to plea to that. But to your question too, Judge, what happened was on February 3rd, the judge issued its sentencing in open court. On February 4th, according to the record and according to the deposition of the lawyer, he called the sheriff's department and said, you know, my guy's supposed to get out on the telephone. He doesn't remember who he talked to. Then he told me in his deposition, you know, then I went and talked to the judge and my question was, after you talked to the judge, what happened? Anything? No. So implicit in the record is I had this conversation with the judge, but the judge didn't issue an order to the sheriff to release him. That would have been a more, I guess, complicated case for me. There is an Ohio attorney general's opinion on point where that exact same thing happened and the attorney general sort of waffled like you have to follow the order of a court, but you're really supposed to follow this statute. So I don't know exactly what to tell you what to do, but that didn't happen in our case. Just to make sure I'm understanding your argument. Is there a way to have a plea agreement that acknowledges time serves, gets you credit for it, and the day the plea agreement's entered, you get out of jail? Is that possible under Ohio law? I just want to make sure you and I are on the same page. Yes. It is possible, even with a state sentence. Well, for example, if this sentencing judge would have said credit for time served and the credit had not exceeded the time of the potential sentence, yes. But if you have stayed in jail for a year and a half and your credit is for a year and a half, you have got to be determined by the ODRC. They have to apply your credit. They have to determine whether or not post-release control sanctions are appropriate. And then you become a releasee under Ohio law. The question interesting here is... I'm wondering if you can put all that in a plea agreement or not. No or yes? Because it just seems like a highly relevant thing whether you get to get out of jail the day you enter the agreement, because that might matter to somebody. I can envision that you could, if you're cognizant of this process, as you well should be if you're defending criminal defendants in Ohio, that you could fashion a plea bargain that would provide for that. The outlier though is, and it's in the record, is the state cannot guarantee for the county that they would process this person through their system within less time than it takes the sheriff to put him in a car and take him to Columbus. So because you have that outlier of the state of Ohio, which obviously the judge doesn't have control over, the sheriff, nor the defense counsel, I don't know that unequivocally I could answer that question in the affirmative because of that variable. Now, what's interesting to me is the impediment to this man's release was not 2949.12, his transportation. The impediment to his release was 2967.191, which is the crediting of his time against his sentence. All of that is processing. You're talking about there's processing. Yes. Yes. So he could have, I guess, arguably, he could have sat in Hamilton County's jail and the county could have fed him and clothed him and taken care of him until the state of Ohio credited him his time. I don't know when that would have happened. And neither do you because we don't have any of that in the record. Ideally, that may have occurred on our record the afternoon of February 6th, which is exactly when he was released by the state of Ohio. So when we're looking at who's the proper party here, it's not the sheriff. Had the sheriff not transported him because it's just process, right? And we're just waiting for the state to get its process together. And he sat in Hamilton County until the afternoon of February 6th. The difference would have been he would have walked out of the Hamilton County Justice Center and gotten a cab instead of gotten in a bus and come back to Cincinnati. That is, in fact, the only factual distinction here in terms of the operation of these statutes. And interestingly for me... Oh, I'm sorry. Go ahead, Judge. I apologize. The concern I have and maybe my colleagues don't have the same concern and maybe I'm misguided. It just seems like what we're talking about is the content of state law. That's what they say. They say we're making a claim that he violated state law. And you're saying it's not a violation of state law and there's no federal law that makes it unconstitutional either. So it was legal what they did. That to me sounds like a merits issue dealing centrally with state law, which if you're talking about a state actor, you might be able to bring an injunction suit or you might be able to bring a declaratory action or you might be able to bring an action against the person in an individual capacity. But none of those are before us. All we have is a money damages suit. So it's sovereign immunity or not or governmental immunity depending on who you're suing. It's a little hard. So now if this person was clearly a state actor... Yes. ...because he was acting... because he was the state attorney general or somebody who was unquestionably acting as a state actor... Yes. ...we wouldn't be getting into the nitty-gritty of whether he was following state law. We would just say he's a state actor. They're asking for damages. Pennhurst says you can't do that under the 11th Amendment. You've got to bring an ex parte young action or something or a qualified immunity. Right. But here we have somebody who's a sort of... somewhere between a state actor and a county actor. Right. Right. Absolutely. Yes. So and you're representing the county, I assume. Yes, sir. I am because that's the entity that's been sued. And this person... Well, but the person has been sued in his official capacity... Yes. ...and you're arguing a defense which is based on the idea that he's acting on behalf of the state. Absolutely. And all of those immunity doctrines are based on the idea that it's out of the state... Absolutely. ...state coffers that the thing is coming from. Absolutely. So this is my question. What is the content of this doctrine that says that sometimes when you sue a county sheriff, is that what he is? Yes, yes. Sometimes when you sue a county sheriff, you are in effect suing the state... Yes. ...and sometimes you aren't. Does it have to do with whether you're carrying out state law at the time? Or does it have to do with whether you win on the merits or not? I believe reading your law that it has to do with... I believe reading your law. Brotherton, Gottfried, and Krabbe. Okay. I believe in reading that law that the legal question is the extent to which the state law provides that county official discretion. And Judge Sutton wrote the opinion in Krabbe which dealt with that DNA sort of conundrum. And I think reading that case puts it precisely on point. In this... I'm sorry. What does that mean then? That means... Does that mean that we do then have to look at the merits of whether he's violating state law in order to determine whether there's sovereign immunity? And so although we're talking about sovereign immunity, we're just talking about the merits? Or is there some difference? I guess perhaps I'm not completely understanding. But the way... I hope this is an answer to your question. The way I look at it is it is somewhat a mixed bag of fact and law. So we look at the law. The law in Ohio says if you are sentenced to a sentence in the Ohio prison system, the sheriff shall transport you within five days of that judgment. That to me sounds like merits of whether there's a violation of state law. I'm afraid maybe I'm not understanding your question. I apologize. His question is they are the same. Because if the arm of state doctrine, if the way it works is whether state law compels... Yes. ...local officials to do something, that by definition is a state law inquiry as a threshold matter. Yes. So we look at... So under the doctrine, you agree, we look at the merits of the issue to determine whether we have immunity with respect to the merits of the issue. And maybe the merits... Merits of the issue are did he comply with state law or not? Right. And does the state law provide him any discretion? When is this doctrine ever applicable then? If you say that you lose on the merits, why do you need the immunity? And if you win on the merits... Well, because he's not a state official. He's a county official. And so if he's not performing under a state law that gives him no discretion, then he doesn't have 11th Amendment immunity. He might have, in his individual capacity, some qualified immunity or something like that. But he would not have... I'm sorry? ...the money coming, I guess, from the county then. I understand that in some quarter and in other cases, the analysis is, are you a county, are you a state actor or not? We've made that argument with our courts, for example. And this court has said, you know, we need to look at where the money's coming from. I understand that. I don't believe that that's applicable here. What I believe is applicable here is Brotherton, Godfrey and the Crabby case. Crab, however I'm pronouncing it, which says when a county official is performing a function compelled by state law, which does not allow that county official any discretion, then he is entitled to, or she, is entitled to 11th Amendment immunity. And it really makes sense because the source of the injury is the operation of state law. The source of the injury is not what... I'm sorry, sir? Like, wait, we in all cases have to resolve the issue. And the whole idea of immunity is that you're not resolving those issues. I don't... Because I think you're throwing the discretion aspect in there and makes it more like a merits issue. You're saying when they exercise discretion. If the law allows the exercise of discretion... Compulsion versus discretion. Exactly. So it's not whether the person exercise discretion. It's what... And maybe that's where I was misspeaking. Thank you, Your Honor. The legal question is, does the law afford the act or discretion? If the law affords the act or no discretion, then there's... Excuse me, 11th Amendment. I'm understanding one part of this case. Surely. The original complaint, which I don't have in front of me. Yes, sir. The original complaint raises federal constitutional claims. Yes. Okay, so that's the underlying issue in front of us. It's not a claim for violating state law. The claims... The issue about violating state law comes up due to your defense under the arm of the state doctrine. But there's still an underlying federal constitutional claim here. Right? Right. Okay. Which is... But the federal constitutional claim depends entirely on the state law because it's not an overstay or an over... Right. Over... Whatever, what's the... Which has also been something that's bothered me from day one, which is... Right. Well, maybe that's where we are. Maybe it all just determined by state law. But you can see why it's puzzling when you normally think of state sovereign immunity as precluding us from getting into the merits of the state law. Yes, I understand. Normally, that immunity is all about. Right. And again, that might be my... That immunity, because he's actually a sheriff of a county, the immunity becomes the merits. Yes. And again, that might be my fault for the... I don't think it's your fault. My word choice. The law, but it's puzzling to me. But I'm a novice, so go ahead. Oh, you're hardly a novice, but thank you. Thank you. Let me just restate, if I may, our formulation here. Federal law makes it unconstitutional to detain somebody whose sentence has been served. Once the sentence has been served, you're entitled to your liberty. Secondly, the sheriff was not... And you would say, even if you follow state law, it still violates federal law. In other words... Yes. In any case where a sentence has been fully served, as this sentence clearly was, after the judgment entry goes on, you have a due process claim to your freedom. Right. So in one sense, you have to deal with the meaning of state law when it comes to the arm of state doctrine. Yes. But in another sense, your complaint has nothing to do with it. Your complaint is, listen, if someone is supposed to be out of jail, they get their liberty right of getting out of jail. And whether that's consistent with state law or inconsistent with state law, it always violates the federal constitution. I agree. Yeah. Your Honor, I just would like to... You aren't being held late until there's a violation of state law. I'm sorry? You aren't... The federal law violation comes from being held for longer than your sentence, right? Yes. What do you call it, over... It's called over-detention. Over-detention. All right. It's a due process violation. But it's only an over-detention. We call it a due process violation, yeah. Right. Well, I understand. But it's only an over-detention if there's a state law violation. It's only an over-detention. Because if it's not a state law violation, it's not an over-detention then. So I understand it's a federal law issue, but it's a federal law issue that depends 100% on state law. It's not the case that if they complied with state law and it wasn't an over-detention that there could be a federal violation, right? Well... Or is that right? All right. Well, the argument they're making is that somebody besides the judge is empowered to count up the... To interpret the sentence. Processing, right? Yes. And they say that only the State Department of Rehabilitation is capable, under state law, of determining when the sentence has been finally served. They don't give a timeline as to when that must occur. But I would suggest... If they're right. Hypothetically. Maybe I'm misunderstanding. It's in response to... It's in elaboration of Judge Sutton's question. If they're right on all those state law issues that you say they're wrong on, there's no federal violation then, right? Well, that is correct because there's... That's all I'm asking. Because... Yes, but hold on. But that's all I'm asking. I can't explain why? No, you don't want to explain why because you don't mean to answer what you just answered. Well, let's see. But that's what they've been saying. Well, let me just make sure I'm... Maybe I don't understand. I could be the wrong person that doesn't understand your argument. I thought your argument was... Listen, at least an alternative part of your argument. I don't care what state law requires. If state law says, send him to Columbus for a day. State law says you can't do anything until a judgment's entered. If my fella stayed in jail five days longer than he should have stayed in jail, that violates the federal constitution. I don't care that state law required it. You can't have a stupid system that leads to this kind of result without violating due process. I agree with that. Okay. That's what I thought. That isn't what you argue in your briefs where you say, we're not making a constitutional argument. We're making a state law argument. It's not that I can go and find it in there. I respectfully disagree with that argument in the brief. Let me just point out just one last thing here. Please take a look at the Wood case in the Ohio Supreme Court in the year 2000. It was a Judge Cook decision and it's closely analogous to our situation. In that case, the Ohio Supreme Court held that where there's a cap on post-release sanctions, you've got to include both jail time and prison time, not to exceed the cap. Otherwise, the Ohio Supreme Court said if you did over-detain somebody, it would involve Eighth Amendment constitutional considerations. So the Ohio Supreme Court was very sensitive to the over-incarceration, over-detention concept, raising the very due process argument that I'm trying to articulate. Not very well in this court. Thank you, counsel. Case will be submitted.